IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLEOTHER TIDWELL,** | |
| **Plaintiff,** | |
| v. | Case No. 20-cv-918-NJR |
| **LASHAYA DONABY, LATIKA BURNS, CASSANDRA CHITTY, RON SKIDMORE, ANGELA CRAIN, and MONICA QUICK,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Cleother Tidwell, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center originally filed this Complaint in the Circuit Court for the Twentieth Judicial Circuit, Randolph County, in the State of Illinois. In his Complaint, Tidwell alleges that Defendants were deliberately indifferent under the Eighth Amendment in treating his periodontal disease. He also raises state law claims (Doc. 1-2, pp. 10-15).

On September 10, 2020, Defendants Lashaya Donaby and Latika Burns removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1443, and 1446 because the Court had original jurisdiction of Tidwell's claims involving constitutional issues under the Eighth Amendment (Doc. 1, p. 2). Tidwell has filed an objection to that removal arguing that his claims under 42 U.S.C. § 1983 do not require that the case be filed in federal court. But the Court finds that the case is properly removed because it raises constitutional claims

pursuant to 42 U.S.C. § 1983, thus raising a federal question justifying removal. *See* 28 U.S.C. § 1331.

Tidwell's Complaint, however, will not go far. He is well-known to this Court because he is subject to a filing restriction. *See Tidwell v. Menard C.C. et al.*, No. 16-cv-384-SMY (Doc. 43). The subject filing ban, issued on August 10, 2017, provides as follows:

> Cleother Tidwell is **SANCTIONED** with a **$500** fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees owed to this District. The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until the sanction is paid, and all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court. Documents submitted in connection with an appeal are excluded from the sanction.

(Case No. 16-cv-384-SMY, Doc. 43, p. 7). Tidwell appealed the filing ban. *See Tidwell v. Clendenin, et al.*, Appellate Case No. 17-3020 ("Appellate Case"). But the Seventh Circuit denied Tidwell's Motion for Leave to Appeal *in Forma Pauperis*, finding Tidwell failed to identify "a good faith issue that the district court erred in denying [Tidwell's] motions and imposing sanctions and a filing ban." (Appellate Case, Doc. 17). Subsequently, on January 10, 2018, the appeal was dismissed for failure to pay the filing fee. (Appellate Case, Doc. 20).

Tidwell then began attempts to avoid the filing ban by filing cases in districts with no connection to the claims or litigations involved in this case, perhaps in an effort to avoid the subject filing ban. On April 2, 2018, Tidwell filed a civil rights action in the Western District of Louisiana, bringing claims pertaining to his incarceration at Lawrence. *See Tidwell v. Kink*, Case No. 18-cv-959-DRH. That action was transferred to this District for improper venue. On April 18, 2018, the presiding judge administratively

closed the case and advised Tidwell that continued attempts to avoid the filing ban might result in additional sanctions. *See Tidwell v. Kink*, Case No. 18-cv-959-DRH, Doc. 4, p. 3. Tidwell did the same thing in the Northern District of New York, and that case was transferred to this District and closed on June 6, 2018. *See Tidwell v. John/Jane Does*, Case No. 18-cv-1181-NJR. He also brought a suit regarding Lawrence in the Southern District of West Virginia with the same result. *See Tidwell v. Kink*, Case No. 18-cv-1691-MJR. He attempted yet again to file suit against healthcare unit staff at Lawrence in the Northern District of Texas. *Tidwell v. Cunningham*, Case No. 18-cv-1448-SMY. This time the Court not only closed his case but again sanctioned Tidwell as follows:

> Cleother Tidwell is **SANCTIONED** with an additional $500 fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees and/or sanctions owed to this District. The Court also reimposes the filing ban on the same conditions as previously imposed. In accordance with this precedent, Plaintiff may seek modification or rescission of this Order, by filing a motion in this Court *no earlier* than two years from the date of entry of *this* Order, assuming that he fails to pay the balance of his filing fees within that 2-year time period.

(Case No. 18-cv-1448-SMY, Doc. 9, pp. 3-4). Tidwell appealed the closing of his case and additional sanction (Doc. 10) but later voluntarily dismissed the appeal. *See Tidwell v. Cunningham*, Appellate Case No. 18-3079 (Docs. 4-5). Thus, the additional filing restriction remains in effect.

The Court notes that Defendants' removal was proper despite the filing restriction. *In re Matter of Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996) (sanction against plaintiff that prohibited filing complaints or motions did not prevent defendants from removing the action to federal court). But Tidwell cannot dodge the filing restriction by filing an action

in state court and waiting for the defendants to remove it. Now that his scheme to avoid the filing ban by filing in different federal district courts has been thwarted, it appears he is merely turning to state court in a further attempt to avoid the filing restriction. This conduct is similar to other restricted filers, who remain undeterred by a filing restriction imposed in one federal judicial district and simply begin filing lawsuits in either other federal judicial districts or in state court. *See Akers v. United States*, Case Nos. 20-cv-581-JPG (Doc. 13), 20-cv-592-JPG (Doc. 8), and 20-cv-638-JPG (Doc. 8) (administratively closing cases removed from the Circuit Court for the First Judicial Circuit, Williamson County, Illinois). This Court does not tolerate such conduct. Doing so would render the filing restriction meaningless. This case represents yet another attempt by Tidwell to circumvent the filing restriction and the sanction fees. This Court will not allow him to proceed in this manner.

Accordingly, this case shall be **ADMINISTRATIVELY CLOSED**.

**IT IS SO ORDERED.**

**DATED:** September 17, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**